# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DURRELL T. DUPREE, )
)
Petitioner, )
v. ) Civil Action No. 14-541-GMS
)
DANA METZGER, Warden, and )
ATTORNEY GENERAL OF THE )
STATE OF DELAWARE, )
)
Respondents.[1] )

-----

Durrell T. DuPree. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

-----

## MEMORANDUM OPINION

_____, 2017
Wilmington, Delaware

-----

[1]Dana Metzger is substituted as the Warden of the James T. Vaughn Correctional Center, the prison where DuPree is currently incarcerated. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Durrell T. DuPree ("DuPree"). (D.I. 1) The State filed an answer in opposition. (D.I. 8) For the following reasons, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I.  BACKGROUND

The first incident occurred in November or December 2001, when DuPree walked up to a high school acquaintance, Jabbar Foster, who was sitting in a park with two friends near the Saddlebrook development. DuPree was holding a gun, and told Foster that someone had told him that Foster was planning to beat him up. Foster heard the gun being cocked and testified that he thought he was going to die. The incident ended when Foster and his friends said they did not know what DuPree was talking about.

The second incident occurred on September 4, 2002. Robert Vicks, who knew DuPree through a friend, was driving through Hampton Green when he stopped to see some friends. At that time, DuPree asked Vicks if Vicks would like to "hook up with some sugar babes." At DuPree's instruction, Vicks and his passenger, Kelvin Powers, drove to the Ashton Condominiums parking lot. When Vicks pulled into the parking spot, DuPree was standing about ten feet away and motioned for Vicks to wait. A moment later, a man opened the driver side door, held a gun to Vicks' head, and ordered Vicks to "give it up." Vicks resisted, and during his struggle with the assailant, Vicks noticed DuPree making eye contact with the assailant. Vicks decided that he should stop fighting with the assailant and try to flee. As Vicks drove away, however, the assailant shot him and his passenger.

The third incident occurred shortly after the September 4th shooting. Vicks was driving with his fiancee, Lindsay Donnelly, and his brother. Vicks pulled into a gas station and DuPree, driving a green Firebird, pulled in behind him. Vicks drove off and DuPree followed, flashing his lights. As Vicks was waiting to turn into a restaurant parking lot, DuPree fired four shots at Donnelly's car and then sped off. A few days later, a bullet was retrieved from one of the tires on Donnelly's car. That bullet was the same caliber as the bullets retrieved from two of the other September incidents.

The fourth incident occurred on September 10, 2002, when Lavon Byard and two other man ran into DuPree at a convenience store near

Saddlebrook. DuPree told the three men that he had a gun, but nothing happened in the store. As Byard started walking home, DuPree came up to Byard and started checking the contents of Byard's pockets. DuPree found nothing, and then pulled out his gun and aimed it at Byard's stomach. DuPree told Byard that he was not going to get him, and Byard walked away.

The last incident occurred on September 11, 2002, when DuPree approached Byard and three of his friends in the Saddlebrook development. DuPree told them he had a gun and wanted to shoot someone because his cousin had been robbed the night before. The four men attacked DuPree, and, during the fight, DuPree shot and wounded three of them. The weapon used in this incident was the same as the weapon used on September 4th.

*Dupree v. State*, 860 A.2d 810 (Table), 2004 WL 2154288, at *1 (Del. 2004).

On July 29, 2003, a Delaware Superior Court jury convicted DuPree of attempted first degree robbery, two counts of first degree assault, two counts of second degree assault, five counts of possession of a firearm during the commission of a felony ("PFDCF"), and four counts of attempted aggravated menacing; the Superior Court also found DuPree guilty of one count of possession of a deadly weapon by a person prohibited ("PDWBPP"). (D.I. 8 at 3) The Superior Court sentenced DuPree on October 15, 2003 to a total of seventeen years and eight months at Level V incarceration, followed by probation, with the first fifteen years being a minimum mandatory sentence. *Id.* at 4. The Delaware Supreme Court affirmed DuPree's convictions and sentence on October 4, 2004. *See DuPree*, 2004 WL 2154288, at *2.

On May 23, 2011, DuPree filed a motion for modification of sentence, which the Superior Court denied. (D.I. 10 at 188) On September 22, 2011, the Superior Court granted DuPree's request to have the Greentree program added to his sentence. (D.I. 10 at 189) DuPree filed a second motion for modification of sentence on August 15, 2012, which the Superior Court denied on September 21, 2012. (D.I. 189 at 262)

2

On October 5, 2012, DuPree filed a pro se motion for postconviction relief pursuant to Delaware Supreme Court Criminal Rule 61 (Rule 61 motion), which the Superior Court denied on February 7, 2013 as procedurally barred. *See DuPree v. State*, 69 A.3d 370 (Table), 2013 WL 3355868, at *1 (Del. 2013). The Delaware Supreme Court affirmed that decision on June 28, 2013. *Id.* at *2.

DuPree filed a third motion for modification of sentence on July 9, 2013, which the Superior Court denied on July 17, 2013. (D.I. 10 at 236-37) DuPree did not appeal that decision.

DuPree filed the instant habeas petition in April 2014, asserting that he was denied his constitutional right to confront his accuser. According to DuPree, the State violated his confrontation rights by accusing him of assaulting Kelvin Powers without presenting Powers as a witness or introducing any statement from Powers at trial. (D.I. 1 at 16) The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 8)

## II.     ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

DuPree's petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. DuPree does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Brokenbrough's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The ninety-day period for filing a petition for certiorari with the United States Supreme Court runs from the entry of the state court judgment, not from the issuance date of the state court's mandate. *See* Sup. Ct. R. 13(1) & (3).

In this case, the Delaware Supreme Court affirmed DuPree's convictions on September 23, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, his convictions became final on December 22, 2004. *See Wilson v. Beard*, 426 F.3d

653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period).

Applying the one-year limitations period to that date, DuPree had until December 22, 2005 to

timely file his petition. *See Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27,

2015)(AEDPA's one-year limitations period is calculated according to the anniversary method,

*i.e.*, the limitations period expires on the anniversary of the date it began to run).

DuPree did not file the instant § 2254 petition until April 17, 2014,[2] approximately nine

and one-half years after the expiration of AEDPA's statute of limitations. Therefore, the petition

is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v.*

*Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls

AEDPA's limitations period during the time the application is pending in the state courts,

including any post-conviction appeals, provided that the application is filed during AEDPA's

one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, DuPree's motions for modification of sentence and his Rule 61 motion do not have

any statutory tolling effect, because they were filed years after AEDPA's limitations period had

already expired. Hence, the instant petition must be dismissed as time-barred, unless equitable

tolling applies.

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date April 17, 2014, which is
the date DuPree signed the petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir.
2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to
be considered the actual filing date).

5

## B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable

reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and**

(2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*,

560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due

to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d

616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that

equitable tolling of AEDPA's limitations period may be appropriate in the following

circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting
> his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

To the extent DuPree asserts his ignorance of the law as a reason to equitably toll the

limitations period, his argument is unavailing. The court has "repeatedly held that a lack of legal

knowledge does not constitute an extraordinary circumstance warranting equitable tolling."

*Taylor v. Carroll*, 2004 WL 1151552, at *5 (D. Del. May 14, 2004). Petitioner does not assert,

and the court does not discern, any other possible extraordinary circumstance warranting

equitable tolling in this case. Additionally, Dupree waited more than nine years after his

conviction became final to file the instant petition, and more than seven years to pursue post-

conviction relief in the Delaware state courts. These lengthy delays preclude DuPree from

demonstrating that he exercised the requisite "due diligence" to warrant equitable tolling.

Accordingly, the court will dismiss the petition as time-barred.

6

## III. MOTION

During the pendency of this proceeding, DuPree filed a letter motion asking the court to "clear" him of one his convictions and remove all restitution and probation terms from his sentence. (D.I. 15) Having decided to dismiss the instant petition as time-barred, the court will deny the letter motion as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that DuPree's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the court will deny DuPree's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without an evidentiary hearing. An appropriate order will be entered.